UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YEVGENY DUBINSKY,

    Plaintiff,

    v.

TD SERVICE CO, et al.,

    Defendants.

_____/

No. C 10-4841 PJH

**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**

    Plaintiff Yevgeny Dubinsky filed this action on October 26, 2010, alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(e), in connection with a foreclosure action. The complaint alleges no facts in support of the claim, and the defendants are identified only as "TD Service Co., et al." (in the caption). The docket indicates that a summons was issued as to Capital One, Deutsche Bank National Trust Company, MERS, and TD Service Co. To date, no certificate of service has been filed.

    Also on October 26, 2010, plaintiff filed a document entitled "Temporal [sic] Restraining Order," which states, in full, "My house was forclose [sic] on 09/28/2010, than [sic] it was moved to 10/12/2010, than [sic] it was moved to 10/26/1010." The court interprets this as an application for a temporary restraining order. No proposed order was submitted with this application.

    The application is DENIED. First, plaintiff has not satisfied the standard for issuance of a temporary restraining order. Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977); Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001). A

plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008). Plaintiff has not made the showing required under this standard. Indeed, plaintiff has not even described the relief he is seeking.

Second, the application does not comply with Federal Rule of Civil Procedure 65. Under Rule 65(b)(1),

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Ex parte injunctive relief is to be granted sparingly. "The stringent restrictions imposed . . . by Rule 65, on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 438-39 (1974). Here, plaintiff has provided no proof of service of the summons, complaint, and motion papers on defendants, and has provided no declaration in support of a request for a hearing without notice to defendants.

Finally, the application does not comply with the Civil Local Rules of this court. See Civ. L.R. 65-1(b) (unless relieved by order of judge for good cause shown, a party applying for a temporary restraining order must deliver notice of such motion to opposing party); Civ. L.R. 65-1(c) (no temporary restraining order will be issued except with order to show cause fixing time for hearing motion for preliminary injunction; proposed orders submitted under this rule must provide place for judge to fix time within which restraining order and all supporting pleadings and papers must be served on adverse party).

Finally, the court notes that the order setting the initial case management conference in this case was mailed to plaintiff on November 2, 2010, and that the envelope containing the order was returned to the court as undeliverable on November 9, 2010. The court reminds plaintiff that he is responsible for keeping the court informed of his current address. If mail is delivered to the court as undeliverable, and the court does not receive a written communication from the party within 60 days indicating a current address, the court "may, without prejudice, dismiss [the] complaint." Civ. L.R. 3-11.

**IT IS SO ORDERED.**

Dated: November 12, 2010

PHYLLIS J. HAMILTON
United States District Judge